## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-14069-CANNON/MAYNARD

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.

MARQUES DEON JONES,

        Defendant.

_____/

## MOTION TO WITHDRAW GUITY PLEA

COMES NOW Defendant MARQUES DEON JONES and moves this Court pursuant to Rule 11(d)(2)(B), Fed.R.Cr.P. (2023) to withdraw his guilty plea entered on April 14, 2023 in the above-styled case and states in support the following:

1. JONES was facing a Superseding Indictment charging two counts of Forcibly Assaulting a Federal Officer with the Use of a Deadly Weapon, in violation of 18 U.S.C.111(a)(1) and (b) (counts one and two); Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. 934(c)(1)(A)(ii) (count three); Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. 922(g)(1) (counts four and six); and Kidnapping, in violation of 18 U.S.C. 1201(a) (count five).

2. On April 14, 2023 Jones appeared in front of the Court for the purpose of addressing the following motions: (1) Motion in Limine; (2) Motion to Sever; and, (3) Motion to Suppress. Rather than proceed on the aforementioned motions JONES entered a

plea of guilty to Forcibly Assaulting a Federal Officer with the Use of Deadly Weapon (count one); Possession of a Firearm and Ammunition by a Convicted Felon (counts four and six; and Kidnapping (count five). After a plea colloquy conducted by the Court a plea of guilty to the above charges was entered and accepted. Sentencing was set for a future date.

3. Within days of entry of the guilty pleas the defendant filed a pro se Motion to Withdraw the Plea of Guilty. Undersigned was subsequently appointed by the Court and the Federal Public Defender was withdrawn.

4. The burden to establish a fair and just reason for withdrawal of a plea rest with the defendant. United States v. Izquierdo, 448 F.3d 1269 (11th Cir. 2006). The factors to be considered by the Court are; (1) close assistance of counsel was available; (2) the plea was knowing and voluntary; (3) judicial resources would be conserved; and (4) the government would be prejudiced if the defendant were allowed to withdraw the plea. United States v. Cesal, 391 F.3d 1172, 1179 (11th Cir. 2004).

5. The Defendant has attached an affidavit to this motion. Jones alleges that he did not have close assistance of counsel and in fact he was blind-sided by defense counsel on April 14, 2023 when presented with the plea agreement. Prior to April 14, 2023 the Defendant had not seen the plea agreement. As stated in the affidavit he had no time to reflect on whether to accept or reject the plea offer and proceed with the pending motions. The Defendant alleges that he was in fact innocent of all but the Possession of the Firearm by a Convicted Firearm allegation and that arial video evidence certainly established his innocence as to the charges involving the federal officers. Because the defendant was forced to make a decision at a

moments notice with out time to reflect on the situation he was being presented with the plea was not free and voluntary. Trial of this matter would not consume a significant amount of judicial resources as it would be expected that it would take no more than three trial days to complete. Finally, all witnesses are local to the Court and the Government would suffer no prejudice at this point should it have to proceed to trial.

WHEREFORE the defendant MARQUES DEON JONES states that he has established fair and just reasons and moves this Court to allow him to withdraw his previously entered plea.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Motion for Downward Departure has been served electronically on The Office of the United Staes Attorney, Assistant United States Attorney Carmen Lindberger, Southern District of Florida, Fort Pierce, FL on this 1st day of June, 2023.

Respectfully submitted,

/s/ *Gregg S. Lerman*

GREGG S. LERMAN
Counsel for Defendant
FL Bar No. 510963
330 Clematis Street, Suite 209
West Palm Beach, FL 33401
(561)832-5770
Gregg@GreggLermanLaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 22-CR-14069-CANNON/MAYNARD

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.

MARQUES DEON JONES,

        Defendant.

_____/

**DEFENDANT JONES AFFIDAVIT IN SUPPORT OF MOTION TO WITHDRAW PLEA**

I, MARQUES DEON JONES, swear and affirm the following facts are true and correct:

On April 14, 2023 I appeared in court for the purpose of attending hearings on a pending Motion in Limine, Motion to Suppress and Motion to Sever Charges which had been filed on my behalf by then defense counsel Kafani Nkrumah. The motions had been filed in mid-March. Mr. Nkrumah had never discussed the motions that had been filed with me nor had he informed me that they had been set for a hearing.

On March 31, 2023 Mr. Nkrumah gave me verbal notification that he had offered the Government a 30-year Bureau of Prisons plea offer without first discussing such a plea offer with me first and that the Government had accepted the offer. I was further informed that I had until April 2, 2023 to accept the plea before it would be withdrawn by the Government. I was advised that "the Judge was a mean .... And she's going to give you a life sentence." Mr. Nkruma never

USA v. Marques D. Jones
Case Number 2022CR14069

discussed the plea in any significant way with me. In fact, I never saw the plea agreement until he walked into the courtroom on April 14, 2023 for the hearings on the above motions.

On April 14, 2023 Mr. Nkrumah stated to me that (1) the U.S. Attorney does not want to have these motions, (2) if you proceed with these Motions the offer is withdrawn, (3) that the judge right there is evil and if you go to trial you're gonna lose on the kidnapping charge and she is gonna give you a life sentence, and (4) Don't worry about the assault charge we will talk about that later. I had no time to reflect. Had I had ample time to truly consider my choices I would have elected to proceed to trial.

I was not in court for a plea conference on April 14, 2023 not for the ultimatums that were directed towards me. I felt blind-sided. I had no time to think and sort things out. I was feeling pressured by the public defender to accept the plea agreement.

Prior to March 31, 2023 Mr. Nkruma was aware that the arial video footage contradicted Officer Harrington's allegation that I had pointed a gun at him across the windshield and that I had in fact ran away. Detective Brady's transcribed internal affairs investigation testimony made clear that I had never pointed or threatened him with a firearm.

The tone of the conversation between Mr. Nkruma and my self was such that the Court recognized that there might be a problem and asked counsel whether the hearing needed to be reset. The Court did grant me a break to use the restroom. It was not until I returned to the jail, after having accepted the plea, that I had time to read and consider the consequence of what I had done by accepting the plea. Quite honestly what real difference is there of accepting a 30 year

USA v. Marques D. Jones<br>
Case Number 2022CR14069

plea in prison versus going to trial at my age and risking life in prison. 30 years is in essence a life sentence. Accepting such a plea, once I had real time to think, made no sense.

UNDER PENALTY of PERJURY, I, MARQUES DEON JONES, hereby swear and affirm that the foregoing affidavit and it contents are true and correct.

Date: May 31, 2023

X_____
MARQUES D. JONES, DEFENDANT